# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**ADRIAN LAMAR BROWN**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:13CV-P99-R**

**LARRY CHANDLER**                                                  **DEFENDANT**

### MEMORANDUM OPINION

This matter is before the Court for screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### I.

Plaintiff filed this civil-rights action pursuant to 42 U.S.C. § 1983 against Larry Chandler, the Chairman of the Kentucky Parole Board, in his official capacity.

According to the complaint, Plaintiff was interviewed by the Kentucky Parole Board on April 3, 2012, on his first appearance for both violent and non-violent offenses. The Parole Board deferred his parole for 48 months. He states that he later realized that the 48-month deferral was contrary to the law and that he should have been deferred 24 months on his consecutive, non-violent, Class C felony. He states that he wrote to Defendant about the error but Defendant saw no error or reason to reconsider the decision and informed Plaintiff that the law he relied on did not apply to him. He states that he exhausted his administrative remedies. He also states that he filed a declaratory judgment action in Franklin Circuit Court to which the Parole Board did not respond.

Plaintiff contends that his Fourteenth Amendment right to equal protection was violated because he was treated differently than others serving Class C felonies and that the Parole Board arbitrarily misapplied the law to him. He also states the 48-month deferral violated his Fourteenth Amendment right to due process and violated Kentucky law.

As relief, Plaintiff seeks a "rehearing pursuant to KRS 439.340(14) towards Class C Felony."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

*Due process claim*

The relief Plaintiff seeks in this action is a rehearing before the Parole Board. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "Prisoners have 'no constitutional or inherent right' to parole or a parole hearing." *Coleman v. Martin*, 63 F. App'x 791, 792 (6th Cir. 2003) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Furthermore, the Commonwealth of Kentucky has not created a liberty interest in parole. *See* Ky. Rev. Stat. § 439.340(1). Instead, Kentucky considers the grant of parole a matter of "grace or gift" to persons deemed eligible for reasons found by the Parole Board. *See Lynch v. Wingo*, 425 S.W.2d 573, 574 (Ky. 1968). Therefore, Plaintiff's claim fails to state a claim for violation of due process and will be dismissed.

*Equal protection claim*

Plaintiff also alleges a violation of the Equal Protection Clause. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prove a violation of the Equal

3

Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279. Plaintiff fails to specify his race or other characteristic that would implicate an equal protection violation. Nor does Plaintiff allege an invidious, discriminatory intent to deny him parole because of his membership in a protected class. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279.

Furthermore, Plaintiff cannot state an equal protection claim under the class-of-one theory. Under this theory, a plaintiff may bring an equal protection claim as a class of one where he alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Rondigo, L.L.C. v. Casco Tp., Mich.*, 330 F. App'x 511, 519 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (internal quotation marks omitted). However, courts have found that an equal protection claim cannot be asserted under the class-of-one theory when a parole board's decisions are subjective and discretionary, as they are in Kentucky. *See, e.g.*, *Franks v. Rubitschun*, No. 5:06-cv-164, 2010 U.S. Dist. LEXIS 31372, at *8 (W.D. Mich. Mar. 31, 2010) (finding plaintiff's claims relating to inherently discretionary decision of Michigan Parole Board in denying his parole failed to state a class-of-one theory equal protection claim); *Green v. Livingston*, No. 2:08-CV-101, 2009 U.S. Dist. LEXIS 52284, at *5 (W.D. Mich. June 19, 2009) ("Parole considerations are the type of discretionary decisions discussed in *Engquist* that

4

typically are 'subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify' . . . . Applying *Engquist*, even an arbitrary parole decision would not violate Petitioner's equal protection rights.") (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 604 (2008) (recognizing that class-of-one, rational basis scrutiny is not properly applied to public employment decisions)); *but see Franks v. Rubitschun*, 312 F. App'x 764, 766 n.3 (6th Cir. 2009) (suggesting that *Engquist*'s discussion of discretionary decision-making should be limited to the public-employment context) (dictum).

Even if dismissal were not warranted for this reason, Plaintiff must allege that "[he] and other individuals who were treated differently were similarly situated *in all material respects*." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 636 (6th Cir. 2009) (emphasis in original). Plaintiff fails to allege facts demonstrating that the Parole Board treated him differently than other similarly situated prisoners. He fails to identify any such prisoners, the convictions for which they were imprisoned, their prior criminal record, their conduct while incarcerated, or any other facts material to the parole decision. *See Franks v. Rubitschun*, 2010 U.S. Dist. LEXIS 31372, at *26.

For the foregoing reasons, Plaintiff's claim under the Equal Protection Clause will be dismissed for failure to state a claim upon which relief may be granted.

*Violation of Kentucky law*

Finally, to the extent Plaintiff alleges that Defendant violated Kentucky statutes or regulations in deferring his parole, the claim also fails. "A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to

5

enforce state rules." *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988). Therefore, to the extent Plaintiff alleges violations of Kentucky statutes or parole regulations to show that Defendants violated his federal constitutional rights, that argument is without merit. *Monroe v. McNairy Cnty., Tenn.*, 520 F. Supp. 2d 917, 920 (W.D. Tenn. 2007).

Furthermore, to the extent Plaintiff is seeking relief under state law, because his federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

For the foregoing reasons, a separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4413.010