UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00099-TBR

ADRIAN LAMAR BROWN          Plaintiff

v.

LARRY CHANDLER          Defendant


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Adrian Lamar Brown's "Motion to Vacate or Amend it's December 10, 2013 opinion dismissing his action" pursuant to Federal Rule of Civil Procedure 59. (Docket No. 15.) This matter is ripe for adjudication. For the following reasons, the Court will **DENY** Defendant's Motion to vacate or amend the Court's December 10, 2013 opinion dismissing his action.

Previously the Court screened Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and dismissed the action. (Docket No. 12.) Plaintiff now moves the Court to vacate or amend that Order. In Plaintiff's motion, he does not directly address the Court's rationale for dismissing his due process, equal protection, and Kentucky state law claims. (*See* Docket No. 12, at 3-6.) Instead, Plaintiff's sole new argument, which was not already contained in his complaint, is that:

> *Wilkinson v. Dotson*, 544 U.S. 74, made it clear that 1983 claims is appropriate and available for procedural challenges of state violations made by the state parole board.
>
> * * *
>
> The threshold question before the court is weather the defendant acts violated the law. And if so plaintiff has stated a due process claim under *Wilkinson v. Dotson*, for which this court has failed to apply applicable to plaintiff.

(Docket No. 15, at 4.)

In *Dotson*, the Supreme Court permitted prisoners to pursue 42 U.S.C. § 1983 claims alleging that Ohio's state parole procedures violated the Federal Constitution. *Dotson*, 544 U.S. 75-77. Specifically, the prisoners challenged the retroactive application of new, harsher guidelines that came into effect after they began to serve their prison terms. *Id.* at 76-77. *Dotson* held that a 1983 action will not lie when a state prisoner challenges "the fact or duration of his confinement." *Id.* at 79. This includes instances where, although the relief sought wouldn't directly shorten the duration of confinement or eliminate it altogether, it "would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Id.* at 81.

Because Plaintiff's complaint only requests a "rehearing pursuant to KRS § 439.340(14) toward Class C Felony," (Docket No. 1, at 8), on its face the holding in *Dotson* that a 1983 action will not lie when a state prisoner challenges "the fact or duration of his confinement" would not appear to bar his action. *Dotson*, 544 U.S. at 79. Plaintiff's sole argument for a rehearing is that the parole board ignored Kentucky Revised Statute § 439.340 which, under certain circumstances, sets the maximum parole

deferment at 24 months.[1]  As in *Dotson*, success for Plaintiff "does not mean immediate release from confinement or a shorter stay in prison," rather "it means at most a new parole hearing." *Id.* at 82.  Essentially, Plaintiff's claim would not "necessarily spell speedier release." *Id.*

However, *Dotson* involved the retroactive application of parole guidelines implicating the Constitution's *Ex Post Facto* Clause, rather than the situation alleged here where a state misapplies its own guidelines/statute.  *Dotson*, 544 U.S. at 77.  Furthermore, Plaintiff's assertion that a due process claim is available under *Dotson* ignores the Court's previous holding, (Docket No. 12, at 3), that there is no constitutional or inherent right to parole or a parole hearing, Kentucky has not created a liberty interest in parole, and Kentucky considers the grant of parole a matter of "grace or gift."  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating due process claimants must establish that a life, liberty, or property interest is at stake); *Coleman v. Martin*, 63 Fed. App'x. 791, 792 (6th Cir. 2003) (finding prisoners have no constitutional or inherent right to parole or a parole hearing) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)); *Smith v. Chandler*; 2012 WL 4794451, at *2 (W.D. Ky. Oct. 9, 2012) (quoting *Coleman*); *Lynch v. Wingo*, 425 S.W.2d 573, 574 (Ky. 1968) (finding grant of parole is a "grace or gift").  Therefore, Plaintiff fails to state a claim for violation of due process.

---

[1] Plaintiff received a parole deferment of 48 months.  The Court does not need to decide whether or not Kentucky Revised Statute § 439.340(14) applies to Plaintiff because even assuming it did apply, Plaintiff's action would still be dismissed for the reasons discussed.

Additionally, Plaintiff has not addressed the bases under which the Court found he had failed to state a claim under the Equal Protection Clause. Furthermore, Plaintiff has not addressed the Court's holdings that alleged violations of Kentucky statutes or parole regulations do not, standing alone, show that Defendants violated his constitutional rights and that to the extent he was seeking relief under state law the Court declines to exercise its supplemental jurisdiction over those state-law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Court will **DENY** Plaintiff's motion requesting the Court to vacate or amend its December 10, 2013 opinion dismissing his action.

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiff's Motion to vacate or amend the Court's December 10, 2013 opinion dismissing his action pursuant to Federal Rule of Civil Procedure 59 is **DENIED**.

IT IS SO ORDERED.

Date:

cc: Adrian Lamar Brown, *pro se*
Kentucky State Penitentiary
266 Water Street
Eddyville, KY 42308

Counsel